United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:22-cv-255

GUADALUPE ALUISO, JR., TDCJ #02149558, PETITIONER,

v.

BOBBY LUMPKIN, RESPONDENT.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

State inmate Guadalupe Aluiso, Jr., who proceeds *pro se*, is incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ). Aluiso filed a petition for a federal writ of habeas corpus, seeking relief from his state-court convictions and sentences. Dkt. 1. Respondent Bobby Lumpkin answered and provided a copy of the state-court records. Dkts. 9, 10. Aluiso filed a reply and, with leave of court, a supplemental response. Dkts. 11, 13. Having considered the petition, the answer, the reply and response, all matters of record, and the applicable legal authorities, the court determines that the petition should be dismissed for the reasons that follow.

## I.    BACKGROUND

On July 12, 2017, a jury found Aluiso guilty of four counts of aggravated

sexual assault of a child in Brazoria County Cause Number 75895-CR-A. Dkt. 10-1 at 91-94. The court sentenced him in accordance with the jury's verdict to consecutive 25-year prison sentences on the first three convictions and to a probated 10-year sentence on the fourth conviction, which was ordered to run concurrently with the first 25-year sentence. *Id.* The First Court of Appeals affirmed Aluiso's convictions and sentences on July 31, 2018. *See Aluiso v. State*, No. 01-17-00641-CR, 2018 WL 3625619 (Tex. App.—Houston [1st Dist.] July 31, 2018, no pet.) (mem. op. not designated for publication). Aluiso did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Dkt. 10-15.

On December 29, 2021, Aluiso signed an application for a state writ of habeas corpus, raising five claims of ineffective assistance of trial counsel.[1] Dkt 10-13 at 12-30. The state trial court entered findings of fact and conclusions of law recommending denial of relief. Dkt. 10-13 at 62-68. On April 6, 2022, the Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing and on the court's independent review of the record.

---

[1]Aluiso signed his state habeas application on December 29, 2021. Dkt. 10-13 at 27). It was received by the Clerk for filing on January 5, 2022. *Id.* at 12. Aluiso did not allege the date on which he placed his application into the prison mail system, so as to take advantage of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (providing that the filing date for prisoner pleadings and papers is the date the prisoner hands over a document to prison authorities for mailing). Because a determination of the exact date of mailing is not necessary to the court's decision, the court will use the signing date as the relevant date.

Dkt. 10-14; *Ex parte Aluiso*, Writ No. 93-621-01.

On July 5, 2022, Aluiso filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to start these federal proceedings. Dkt. 1. In that petition, he raises three claims of ineffective assistance of trial counsel and one claim of trial court error. *Id.* at 6-7. He asks this court to vacate his convictions and sentences and remand for an evidentiary hearing, to be followed by a new trial. *Id.* at 7.

## II.    DISCUSSION

### A.    One-Year Limitations Period

Aluiso's petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), which contains a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the "latest of" four accrual dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the

> claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This limitations period is an affirmative defense, which Lumpkin raised in his answer and which he contends requires dismissal of Aluiso's petition. Dkt. 9 at 3-5.

The pleadings and matters of record show that Aluiso's conviction became final for purposes of federal habeas review on August 30, 2018, the date on which his time to file a petition for discretionary review expired. *See Gonzalez v. Thaler,* 623 F.3d 222, 224 (5th Cir. 2010) (holding that a conviction becomes final on the "last date under the Texas Appellate Rules that he could petition for discretionary review of his judgment"); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (same); *see also* TEX. R. APP. P. 68.2(a) (providing thirty days in which to file a petition for discretionary review). Under § 2244(d), the deadline for Aluiso to file a timely federal habeas petition was one year later, on August 30, 2019. But Aluiso did not file his federal habeas petition until July 18, 2022—well outside the one-year limitations period. His claims are therefore time-barred unless a later accrual date applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending is not counted toward the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). However, a state habeas application filed after the federal limitations period has

expired does not extend the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application does not extend the § 2244(d)(1) deadline when it is filed after the deadline has expired). In short, belatedly filing a state habeas application does not extend or restart an already-expired federal habeas limitations period.

Aluiso's state habeas application was filed December 29, 2021—more than two years after the federal habeas limitations period had expired. This state application neither revived nor extended the already-expired federal limitations period. His petition is time-barred unless another exception applies.

But Aluiso has failed to allege facts to show that any of the other statutory exceptions to the limitations period apply. He has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts to show that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts to show that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Thus, the record does not establish a statutory basis to allow Aluiso to avoid the effect of the limitations period. His petition is barred by limitations unless another exception applies.

### B.    <u>Equitable Tolling</u>

In his reply and supplemental response, Aluiso asserts that he is entitled to equitable tolling of the limitations period. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that equitable tolling applies, at the district court's discretion, only "in rare and exceptional circumstances"). A "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. Thus, a "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does an unawareness of the law, lack of knowledge of filing deadlines, *pro se* status, or lack of legal training. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of establishing that equitable tolling is warranted. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596,

598 (5th Cir. 2009) (per curiam).

Aluiso alleges that he should be entitled to equitable tolling because during the limitations period he was incapacitated by psychiatric conditions that required him to be extensively medicated. Dkt. 13 at 2-3. In some circumstances, "mental incompetency might support equitable tolling of a limitation period." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). But a claim of mental incompetence "does not automatically entitle a prisoner to equitable tolling." *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. 2001) (per curiam). Instead, the petitioner must "make a threshold showing of incompetence and . . . show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (per curiam); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the petitioner has the burden to prove that his mental condition actually prevented him from pursuing his legal rights). To make the required threshold showing of incompetence, a petitioner's unsupported assertions of mental illness are insufficient. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (holding that courts will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record to be of probative evidentiary value"). Instead, the petitioner must support his claim of incompetence with reliable evidence. *See Smith v. Kelly*, 301 F. App'x 375, 379 (5th Cir. 2008) (per curiam) (district court properly rejected petitioner's

conclusory assertions about purported incapacity).

In support of his claim for equitable tolling, Aluiso provides an unauthenticated medication report showing the various medications prescribed for him since he has been confined at TDCJ. Dkt. 11-1. Relevant to his claim for equitable tolling, the report shows that Aluiso was prescribed Tegretol, an anti-seizure medication sometimes used to treat bipolar disorder, in March 2019. *Id.* at 18. In May 2019, Aluiso stopped taking Tegretol, and it was discontinued for noncompliance on May 20, 2019. *Id.* In its place, Aluiso was started on Depakote—a similar medication—which he started on May 20, 2019, and then refused on May 22, 2019. *Id.* at 17. He was started back on Tegretol on June 20, 2019, which he continued until October 24, 2019, when it was stopped due to abnormal blood levels. *Id.* at 16-17. Treatment with Tegretol was restarted November 7, 2019, and stopped on August 25, 2020, again due to abnormal blood levels. *Id.* at 12. It was restarted September 16, 2020. *Id.* at 11. The Tegretol dose was increased in November 2020, and again in May 2021. *Id.* at 7, 10-11. Since that time, Aluiso has been on the same dose of Tegretol, and he has been prescribed no other medications for mental illness. *Id.* at 1-16.

The medication report does not identify any specific psychiatric diagnosis for Aluiso. Aluiso provides no authenticated medical records in support of his claim, and he offers no evidence to show that he was actually incompetent at any time. While the medications Aluiso was prescribed may be used to treat several

forms of mental illness, they are also prescribed to treat physical medical conditions, including epilepsy and nerve pain. *See* Tegretol, https://www.novartis.com/us-en/sites/novartis_us/files/tegretol.pdf (last visited Apr. 17, 2023); Depakote, https://www.drugs.com/depakote.html (last visited Apr. 17, 2023). In short, this evidence is insufficient to make a threshold showing that Aluiso was incompetent during the entirety of the federal limitations period.

But even if the court considered this evidence sufficient to make the threshold showing of incompetence, the record does not show that this alleged incompetence affected Aluiso's ability to file a timely federal habeas petition. The medication record does not show that Aluiso received any treatment for any alleged mental illness until March 2019—seven months after his conviction became final in August 2018. Aluiso offers no explanation for his failure to seek state or federal habeas relief during this seven-month period. He also offers no explanation for his failure to seek either state or federal habeas relief during the seven months between May 2021, when his medication issues were finally resolved, and the filing of his state habeas application on December 29, 2021. In addition, Aluiso offers no explanation for the three-month delay between the time his state application was denied and the filing of his federal petition. Had Aluiso filed his state application shortly after his medication issues were finally resolved in May 2021 and then promptly filed his federal petition, the court would find his

argument for equitable tolling more compelling. But the cumulative unexplained delays totaling seventeen months compel the court to conclude that Aluiso did not act with the requisite due diligence, and he has not shown that his alleged mental illness actually interfered with his ability to timely pursue federal habeas relief. Aluiso has not carried his burden to show that equitable tolling is warranted in this case.

### C.    <u>Actual Innocence</u>

As a final basis for an exception to the federal limitations period, Aluiso raises a claim of actual innocence. Dkt. 13 at 3-4. "[A] claim of 'actual innocence' is not itself a constitutional claim." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Instead, actual innocence, if proven, may excuse a failure to comply with AEDPA's statute of limitations and provide a "gateway" to review otherwise time-barred claims. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). The actual-innocence exception requires the habeas petitioner to present "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In addition, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggen*, 569 U.S. at 386 (quoting *Schlup,* 513 U.S. at 329).

In raising his claim of actual innocence, Aluiso does not point to any new reliable evidence that was not presented at trial. In fact, he does not even argue that he is factually innocent. Instead, he argues only that but for trial counsel's ineffectiveness, no reasonable juror would have convicted him. Dkt. 13 at 3-4. In the absence of a showing that new reliable evidence exists that was not presented at trial, Aluiso has failed to satisfy the demanding *Schlup* standard for actual innocence. The actual innocence exception to the federal habeas limitations period does not apply to his case, and his petition will be dismissed as untimely.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After careful review of the record and the applicable law, the court concludes that reasonable jurists would not find its assessment of Aluiso's claims debatable or wrong. Because Aluiso does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    CONCLUSION AND ORDER

For the reasons stated above, the court orders as follows:

1.    The petition for writ of habeas corpus filed by Guadelupe Aluiso, Jr., Dkt. 1, is denied and this case is dismissed with prejudice.

2.    Any pending motions, including Aluiso's motion for extension of time to pay the filing fee, Dkt. 8, are denied as moot.

3.    A certificate of appealability is denied.

The clerk will provide a copy of this order to the parties of record.

SIGNED on Galveston Island this 20 day of  April , 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE